# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY LYNN MORRIS, | : | |
| Petitioner, | : | Civ. No. 17-3811 (RBK) |
| v. | : | |
| DAVID E. ORTIZ, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Gregory Lynn Morris, an inmate then incarcerated at FCI Fort Dix, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, purporting to challenge aspects of his incarceration. For the following reasons, the Court will deny the Petition, and deny Petitioner's motions to compel a decision as moot.

## I. BACKGROUND

This case arises from the conditions of Petitioner's incarceration while serving his sentence at FCI Fort-Dix and other institutions. It appears that Petitioner was serving a term of supervised release, when, in November of 2015, the United States District Court for the Western District of Pennsylvania sentenced Petitioner to a sixty-month term of imprisonment, for conspiracy to possess and distribute heroin. In December of 2015, the same court sentenced Petitioner to, among other things, twenty months in prison to run consecutively, for violating supervised release.

On at least two occasions, Petitioner sought admission into the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). The BOP administers RDAP as an intensive treatment program to reduce the risk of relapse for participants. If a prisoner successfully completes the program, the BOP *may*, in its discretion, reduce a prisoner's sentence by up to one

year. *See* 18 U.S.C. § 3621(e)(2); *Anderson v. Schultz*, No. 09-4683, 2010 WL 5017352, at *2 (D.N.J. Nov. 23, 2010).

It appears that in February of 2016, Petitioner participated in a RDAP diagnostic interview at FCI Berlin, in Berlin, New Hampshire. At the interview, he "minimized his drug abuse at th[e] time," stating that "he only took one puff of marijuana and used cocaine only once in the prior 12 months." (ECF No. 1-4, at 2). According to Petitioner, he was "minimizing" and "down-played" his drug usage because he "was under intense supervision" while serving his term of supervised release. (*Id.* at 2, 12).

In part, because of Petitioner's statements, the interviewing doctor found that Petitioner did not qualify for "a substance use disorder diagnosis" and denied him entry into the program. (ECF No. 5-5, at 21). Petitioner *implies* that he does, in fact, have a substance use disorder and contends that the interviewing doctor failed to consider his two positive urine tests in the preceding twelve months prior to his arrest.

In October of 2016, the BOP transferred Petitioner to FCI Fort Dix, where he again applied for entry into the RDAP. Petitioner submitted additional documentation regarding his two positive drug screens and other documentation. In December of 2016, a different doctor refused to interview Petitioner for RDAP due, in part, to Petitioner's earlier statements minimizing his drug use at FCI Berlin. Petitioner appealed these decisions through the administrative remedy process and received a denial at each stage.

Petitioner then filed the instant Petition requesting that the Court declare him eligible for the RDAP. Respondent filed an Answer, and Petitioner filed a Reply.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

Under 28 U.S.C. § 2241, the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus" but prisoners may only present "requests for relief turning on circumstances of confinement . . . in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Stated differently, a petitioner may only bring a claim in a § 2241 petition if it "would fall within the 'core of habeas' and *require* sooner release" if a court decided the claim in petitioner's favor. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)(emphasis added).

With those principles in mind, the Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's request, however, does not directly attack the duration of his incarceration nor does it seek release from prison.

Instead, Petitioner challenges Respondent's decision to deny him admission into a drug abuse program at the prison, *i.e.*, a condition of his confinement. *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005). Petitioner appears to contend that the BOP doctors failed to consider all of the evidence and should have deemed him eligible for the RDAP. "After an inmate completes RDAP, the BOP has *discretion* to reduce what remains of his sentence by as much as one year." *Scott v. FCI Fairton*, 407 F. App'x 612, 615 (3d Cir. 2011) (per curiam) (emphasis added) (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55).

Nevertheless, because a finding in Petitioner's favor, such as declaring him eligible to participate in RDAP, or ordering his entry into the program, "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *See Leamer*, 288 F.3d at 542.

As the Third Circuit explained, an RDAP claim is effectively a "condition of confinement" claim. *Beckley*, 125 F. App'x at 388 (quoting *Leamer*, 288 F.3d at 544). The Court reasoned, that regardless of the decision on a petitioner's request "to have access to RDAP, his 'release date will not change.'" *Id.* (quoting *Leamer*, 288 F.3d at 543). The opportunity to enter the program "carries with it only the potential for a discretionary sentence reduction . . . [only] a ticket to get in the door." *Id.* (internal quotation marks omitted). Stated differently, even if Petitioner successfully completes the program to perfection, the statute "still affords the Bureau complete discretion to require Petitioner to serve his full sentence." *Id.*

Consequently, because Petitioner only presents a conditions of confinement claim, this Court "lack[s] jurisdiction under the habeas corpus statute to hear Petitioner's" claim. *Id*. (citing *Leamer*, 288 F.3d at 543) (concluding that this type of RDAP claim does not challenge the fact or duration of his confinement, but only a condition of his confinement). Accordingly, the Court will deny Petitioner's § 2241 Petition.

Although not necessary to the Court's disposition, assuming *arguendo*, that Petitioner had properly filed his claim as a civil complaint, he may have sought review of the BOP's decision under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). Under the Administrative Procedures Act, a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*.

Pursuant to 18 U.S.C. § 3625, however, "the provisions of . . . [5 U.S.C. § 706], *do not apply* to the making of any determination, decision, or order under this subchapter." (emphasis added). Petitioner challenges the BOP's decision to deny him entry into the RDAP, or reconsider that denial, as arbitrary, capricious, and an abuse of discretion. Such determinations, and the RDAP generally, stem from 18 U.S.C. § 3621, which "falls under the same subchapter . . . as Section 3625." *See, e.g.*, *Perez v. Ortiz*, No. 19-4584, 2019 WL 1277517, at *2 (D.N.J. Mar. 20, 2019). Accordingly, the BOP's determinations in this case are "not subject to judicial review under the Administrative Procedures Act." *Id*.; *see, e.g.*, *Thorndike v. Hollingsworth*, No. 15-2014, 2016 WL 4705443, at *6 (D.N.J. Sept. 8, 2016) ("This Court agrees that a challenge to an individualized determination made by the BOP under § 3621 is expressly foreclosed by 18 U.S.C. § 3625, which prohibits judicial review under the APA of RDAP.").

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition and deny Petitioner's motions to compel a decision as moot. An appropriate order follows.


Dated: August   6th  , 2019                                s/Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge